**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

RIGOBERTO GODOY,
Petitioner,
v.
CHRISTOPHER LAROSE; et al.,
Respondents.

Case No.: 26-cv-1506-BJC-DDL

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF Nos. 1, 10]**

On March 10, 2026, Petitioner Rigoberto Godoy ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). ECF No. 1. On April 10, 2026, Respondents filed their Return. ECF No. 10. For the reasons set forth below, the Court **DENIES** the Petition upon a finding that Petitioner has not exhausted administrative remedies.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States on December 15, 2005, without being admitted or on parole. ECF No. 1-2 at ¶ 2; ECF No. 10 at 2. On December 31, 2025, a warrant was issued for Petitioner's arrest and, on the same day, he was apprehended by Enforcement and Removal Operations ("ERO") officers. ECF No. 10 at 2. Petitioner claims that, when he was arrested, he was never presented with an order or warrant for his arrest. ECF No. 1 at 6. Following his arrest, DHS determined Petitioner was deportable under 8 U.S.C. § 1226(a)(6)(A)(i). *Id.* at 2; *see also* ECF No. 10-1 at 1.

Since being detained, Petitioner has been placed in removal proceedings. ECF No. 10 at 2. On February 25, 2026, a bond hearing was held for Petitioner. ECF No. 10 at 2; ECF No. 10-4 at 1. The immigration judge denied bond for Petitioner after determining

that he "failed to establish that he is not a danger or flight risk." *Id*. Petitioner has not filed an appeal of the immigration judge's decision to deny him bond. *Id*.

On March 10, 2026, Petitioner filed this Petition. ECF No. 1. March 17, 2026, the Court conditionally appointed the Federal Defenders of San Diego, Inc., ("Federal Defenders") to represent Petitioner. ECF No. 2. On April 6, 2026, following their review of the audio recording from Petitioner's bond hearing, the Federal Defenders notified the Court that "it has no additional information to add to Mr. Godoy's pro se petition." ECF No. 8. On April 10, 2026, Respondents filed their return. ECF No. 10. Petitioner did not file a traverse.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id*.

Noncitizens present without admission who are apprehended in the interior of the United States are subject to 8 U.S.C. § 1226(a). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Section 1226(a) provides that a "[noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to Section 1226(a), may request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge at any time before a final order of removal is issued. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. Although Section 1226 allows for the possibility of bond, noncitizens "may be denied bond and held pending their removal proceedings if they pose flight risks or dangers

to the community." *Rodriguez Vazquez*, 183 F.4th at 1165; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209-10 (9th Cir. 2022) (no deprivation of due process where petitioner received a bond hearing but was denied bond upon a finding that he was likely a potential danger to community).

## III. DISCUSSION

Petitioner requests this Court to release him from the Otay Mesa Detention Center.[1] ECF No. 1 at 7. Respondents, in turn, argue that Petitioner is lawfully detained under 8 U.S.C. § 1226 and that Petitioner's claims are otherwise jurisdictionally barred. ECF No. 10 at 3, 5-9. Further, Respondents contend that the Court should dismiss Petitioner's claims because Petitioner failed to exhaust administrative remedies. *Id*. at 4-5.

### A. Jurisdiction

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (emphasis in original); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret [Section 1252(g)'s] language to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "[P]urely legal challenges" that do "not challenge the Attorney General's discretionary authority"

---

[1] Petitioner also claims that the living conditions and restrictions on his communications, some of which he contends were improperly monitored, have negatively impacted him. ECF No. 1 at 6. Habeas relief is limited to challenges relating to the legality or duration of confinement. *See* 28 U.S.C. § 2241(c)(3). Accordingly, these are not proper habeas claims, and the Court will not address these further.

are not subject to Section 1252. *Ibarra-Perez*, 154 F.4th at 996. This includes challenges "that are independent of or collateral to the removal process[.]" *J.E.F.M. v. Lynch*, 837 F.3d 1036, 1031-32 (9th Cir. 2016) (rejecting argument that Sections 1252 (a)(5) and 1252 (b)(9) limited the court's jurisdiction over claims, such as due process violations, that did not arise from a final order of removal); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006) (finding jurisdiction, notwithstanding Section 1252(b)(9), finding jurisdiction over petition that did not challenge the final order of removal).

Here, Petitioner does not challenge the government's decision or method to commence removal proceedings. His claims, relating to his detention, are collateral to the removal process. *See J.E.F.M.*, 837 F.3d at 1032. Accordingly, based on the limited briefing before the Court, this Court finds it has jurisdiction over Petitioner's habeas claims.

**B. Failure to Exhaust Administrative Remedies**

When a petitioner's claims are reviewable by the BIA on appeal, the petitioner must exhaust administrative remedies before raising the claims in a habeas petition. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Exhaustion "'avoids premature interference with the agency's processes and helps to compile a full judicial record.'" *Id.* (quoting *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir.1995)). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). If a petitioner fails to exhaust prudentially required administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has

exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Here, Petitioner has failed to exhaust available administrative remedies. Petitioner was detained on December 31, 2025, and his bond hearing was held on February 25, 2026. ECF No. 10 at 2. Since then, there is no indication that Petitioner has appealed the immigration judge's denial of bond with the BIA. A bond determination is directly reviewable by the BIA. 8 C.F.R. §§ 1003.19(f), 1003.38; *see also Chacon v. Mullin*, 2026 WL 2127177, at *4 (C.D. Cal. July 21, 2026) (challenges to bond denials have a "direct administrative remedy: appeal to the BIA"). Accordingly, administrative appeal is an available and adequate remedy that Petitioner was required to pursue before seeking habeas relief. Moreover, nothing in the record suggests that exhaustion should be excused in this case. Petitioner does not contend that administrative review before the BIA would be inadequate or ineffective, nor does he argue that pursuing such relief would have been futile. There is likewise no showing that irreparable harm would have resulted from complying with the administrative process. Given Petitioner's failure to pursue a readily available avenue of administrative review, dismissal without prejudice is warranted.

## IV. CONCLUSION

Based on the foregoing, Petitioner's Petition is **DENIED** without prejudice. ECF No. 1.

**IT IS SO ORDERED**.

Dated: October 20, 2026

Honorable Benjamin J. Cheeks
United States District Judge